# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-802V
(to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CHARLOTTE PORCH,

                  Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Chief Special Master Corcoran

Filed:  April 11, 2023

*Joseph Alexander Vuckovich,* Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.

*Emily H. Manoso,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On June 14, 2017, Charlotte Porch filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner initially alleged that a measles, mumps, and rubella ("MMR") vaccine administered to her on February 11, 2015, caused her to develop transverse myelitis ("TM"), and/or caused or alternatively significantly aggravated her subsequently diagnosed multiple sclerosis ("MS"). At hearing (held in Washington, D.C. on January 13, 2022), however, Petitioner limited her claim to the allegation that the MMR vaccine caused her MS.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

An Entitlement Decision was filed on December 8, 2022, finding that Petitioner's MS has not reliably been shown to have been caused by the MMR vaccine—or that the vaccine could cause MS in the first place. Decision, dated December 8, 2022, at *1 (ECF No. 88) ("Decision"). The Decision was not appealed, and judgment has entered in the case.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated March 28, 2023 (ECF No. 93). This is Petitioner's first fees request. Petitioner requests a total of $234,248.70 ($207,696.80 in attorney's fees, plus $26,551.90 in costs) for the work of five attorneys and 22 paralegals at Maglio Christopher & Toale, P.A., performed between December 2015 to the present. ECF No. 93 at 82–83. Respondent reacted to the fees request on April 3, 2023. *See* Response (ECF No. 94). Respondent is satisfied the statutory requirements for an award of fees and costs have been met, and defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply on April 5, 2023, arguing that Respondent's position is overly burdensome by forcing the Court to serve as the inquisitor and fact finder. *See* Reply (ECF No. 95 at 2–4). Nevertheless, Petitioner argues that she has met the burden of establishing reasonable fees and costs in requested amount. *Id.* at 4–5.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$234,251.70**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

(citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs*., 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis for it to entitle her to a fees and costs award. Although Petitioner did not preponderantly establish that the MMR vaccine can cause MS, she offered some objective proof to establish her injury, and made several persuasive points rebutting some of Respondent's evidence. Thus (and in light of the extremely lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible despite the fact that the claim did not succeed. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| Attorneys | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|---|
| **Joseph Vuckovich** | - | - | $290 | $300 | $315 | $345 | $370 | $385 | $415 |
| **Anne Toale** | - | - | - | - | - | - | $475 | $500 | |
| **Diana Stadelnikas** | $300[5] | - | - | - | - | - | $470 | $490 | - |
| **Isaiah Kalinowski** | - | - | - | $368 | - | - | - | - | - |
| **LeeAnne Pedrick** | - | - | - | - | - | - | $195 | $220 | - |

ECF No. 93 at 4–83.

The attorneys at Maglio Christopher & Toale, P.A. practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, the attorneys are entitled to the rates established in *McCulloch*. *See Monzon v. Sec'y of Health & Hum. Servs.*, No. 17-1055V, 2022 WL 370295, at *3 (Fed. Cl. Spec. Mstr. Jan. 14, 2022). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters'

---

[5] Although the fee invoice documented a 2011 rate for Ms. Stadelnikas, this appears to be in error, and in fact sets forth her 2015 rate. ECF No. 93 at 4, 82

fee schedule.[6] *See, e.g.*, *Conte v. Sec'y of Health & Hum. Servs.*, No. 17-403V, 2021 WL 1120983, at *2 (Fed. Cl. Spec. Mstr. Feb. 19, 2021); *Sauer v. Sec'y of Health & Hum. Servs.*, No. 17-780V, 2019 WL 4302891, at *3 (Fed. Cl. Spec. Mstr. Aug. 27, 2019); *Littrell v. Sec'y of Health & Hum. Servs.*, No. 17-796V, 2019 WL 2281746, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2019). I thus find no cause to reduce their rates in this instance. And I award all attorney time devoted to the matter as requested.

I shall award the remaining paralegal time at the requested rates,[7] but I have identified one discrepancy in a paralegal rate for Stephanie Zolli. Ms. Zolli had a rate of $175 for 2020, but only *$165* for 2021. ECF No. 93 at 83. I will continue to award her $175 for the following year, however, which is a positive difference of $3.[8]

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $26,551.90 in outstanding costs, including medical record retrieval costs, travelling expenses related to the hearing, plus costs associated with the work of a single expert,

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2023).

[7] The rates for the 22 paralegals who worked on this matter are also consistent with what has been previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 93 at 82–83. Specifically, Amanda Ramos charged $95 in 2016; $145 in 2017; $148 in 2018. Amy Semaine charged $145 in 2020 and $155 in 2021. Ana Khundzak charged $145 in 2017 and $148 in 2018. Annie Stockdale charged $160 in 2020. Brittany Shalla charged $145 in 2016. Dashea King charged $145 in 2020. Elena Siamas charged $170 in 2022 and $180 in 2023. Emily Monahan charged $135 in 2016. Jacob Hess charged $165 in 2021 and $170 in 2022. Jennifer Guiterrez charged $154 in 2019; $160 in 2020; $165 in 2021; and $170 in 2022. Katherine Ochoa Castillo charged $154 in 2019. Kimberly Dutra charged $135 in 2016; $148 in 2018; $160 in 2020; $165 in 2021; and $170 in 2022. Kristin Harding charged $145 in 2017; $148 in 2018; $154 in 2019; and $160 in 2020. Lindsay Wilkinson charged $165 in 2021. Mackenzie Riordan charged $165 in 2021. Madison Alexander charged $165 in 2021. Mandy Houston charged $140 in 2018 and $145 in 2019. Maria Rodriguez-Castro charged $160 in 2020. Rosa Salgado charged $105 in 2016; $145 in 2017; $148 in 2018. Sabrina Sherali charged $154 in 2019. Tara Thorn charged $170 in 2022.

[8] Ms. Zolli worked 0.3 hours at her previous rate of $165 which equaled $49.50. Now, with a rate of $175 for 0.3 hours of work, Ms. Zolli earned $52.50. This is a difference of $3.

Jeffrey Rumbaugh, M.D., Ph.D., ECF No. 93 at 84–87. Dr. Rumbaugh had a retainer fee of $2,500.00. ECF No. 93 at 85. He testified at the hearing and authored two expert reports, billing $18,000.00 in total at a rate of $500 per hour. ECF Nos. 27-2; 63-2. The total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$234,251.70**, reflecting $207,699.80 in attorney's fees and $26,551.90 in costs, in the form of a check made jointly payable to Petitioner and her law firm Maglio Christopher & Toale, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.